UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON D. KEPLINGER, | No. 2:25-cv-1180 AC P |
| Plaintiff, | |
| v. | ORDER |
| KERN COUNTY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in a civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2025, plaintiff filed a civil rights complaint against defendants Kern County, Laredo Jail, the State of California, and Kern Medical Center. ECF No. 1 at 1. The complaint alleges that from 1996 to 2025 plaintiff has been in custody and has been refused medical treatment several times. Id. at 3. Plaintiff also alleges that doctors "in Kern County, Laredo Jail and several state prison [sic] including every mental hospital State of California" has lied to him about test results and has lied on paper. Id.

The federal venue statute states that

> [a] civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

1

|   |   |
|---|---|
|   | property that is the subject of the action is situated; or |
|   | (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. |

28 U.S.C. § 1391(b). Venue is proper in this court because any federal judicial district in California is proper against the State of California. California v. Azar, 911 F.3d 558, 569-70 (9th Cir. 2018). However, a district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted); 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ."). In this case, such a transfer appears proper.

Plaintiff is currently incarcerated at Kern County Jail located in Bakersfield, California. ECF No. 1 at 1. Three of the four named defendants are located in Kern County, which is part of the Fresno Division of the United States District Court for the Eastern District of California. Id.; see also E.D. Cal. L.R. 120(d). And although one defendant, State of California, can be sued in any federal judicial district in California, the State of California is not a proper defendant for a § 1983 claim. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").

It therefore appears likely that any potentially cognizable claims will be against defendants located within Kern County and that this action should be transferred to the Fresno Division of this court. See 28 U.S.C. § 1404(a); E.D. Cal. L.R. 120(f) (the court may, on its own motion, transfer an action to another venue within the District for good cause). Plaintiff will have an opportunity to show cause in writing why this case should not be transferred.

////

1      Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of
2  this order, plaintiff may show cause in writing why this case should not be transferred to the
3  United States District Court for the Eastern District of California sitting in Fresno. If plaintiff
4  fails to respond to this order or files a notice consenting to the transfer, the case will be
5  transferred to the Fresno Division of the United States District Court for the Eastern District of
6  California.

7  DATED: May 12, 2025

                                                  _____
                                                  ALLISON CLAIRE
                                                  UNITED STATES MAGISTRATE JUDGE